IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD OMAR GUDIEL
a/k/a RONALD MENDOZA
c/o 519 H Street NW
Washington, DC 20001

JOSE NOEBERTO SORTO
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v().

MELBEN, INC.
d/b/a PAPER MOON
1073 31st Street NW
Washington, DC 20007

    Defendant.

Civil Action No. _____

## COMPLAINT

1. Defendant employed Plaintiffs at a Georgetown Italian restaurant that is currently known as "Paper Moon."

2. Defendant typically paid Plaintiff Ronald Omar Gudiel by the hour. Defendant paid Plaintiff Gudiel his regular hourly rate across all hours worked, including overtime hours. At times, Defendant paid Plaintiff Gudiel at an hourly rate lower than the applicable minimum wage. Finally, Defendant rounded down the hours paid to Plaintiff Gudiel, a practice which further deprived Plaintiff Gudiel of both minimum and overtime wages.

3. Defendant typically paid Plaintiff Jose Noeberto Sorto a salary that denied him both minimum and overtime wages.

4.    Plaintiffs bring this action to recover damages for Defendant's willful failure to pay minimum and overtime wages, in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

## Jurisdiction and Venue

5.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.    Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district, and because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

7.    Plaintiffs are adult residents of the District of Columbia. Plaintiff Ronald Omar Gudiel is also known as Ronald Mendoza

8.    Defendant Melben, Inc. ("Melben") is a District of Columbia corporation. Its primary business address is 1073 31st Street NW, Washington, DC 20007. Its resident agent is Meliani Mustapha, 4909 Rodman Street NW, Washington, DC 20016.

## Factual Allegations

9.    Defendant owns and operates Paper Moon, an Italian restaurant located at 1073 31st Street NW, Washington, DC 20007.

### Factual Allegations Specific to Plaintiff Ronald Omar Gudiel

10.   Defendant hired Ronald Omar Gudiel on approximately August 1, 2014.

11.   Defendant currently employs Mr. Gudiel.

12.   Mr. Gudiel has worked at Paper Moon continuously since August 1, 2014.

13.	Mr. Gudiel works at Paper Moon as a kitchen hand. He performs duties such as cleaning, cutting vegetables, and cooking.

14.	At all relevant times, Mr. Gudiel has been required to clock in and out with a punch clock.

15.	At all relevant times, Mr. Gudiel has typically worked five days a week.

16.	At all relevant times, Mr. Gudiel has typically and customarily worked overtime hours.

17.	As of May 15, 2016, Mr. Gudiel has worked approximately 471 hours of overtime.

18.	At all relevant times, Mr. Gudiel has been paid by the hour.

19.	Defendant paid Mr. Gudiel the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| 08/01/2014 – 12/08/2014 | $8.00 |
| 12/29/2014 – 03/22/2015 | $8.50 |
| 03/23/2015 – 07/26/2015 | $9.50 |
| 07/27/2015 – 08/09/2015 | $10.50 |
| 08/10/2015 – present | $11.00 |

20.	At all relevant times, Mr. Gudiel has never been paid overtime wages.

21.	At all relevant times, Mr. Gudiel has been paid by check.

22.	At all relevant times, Mr. Gudiel has not been paid for all of his hours worked.

23.	At all relevant times, Mr. Gudiel has typically not been paid for fractions of hours worked during any given day.

24.	For example, on February 13, 2016, Mr. Gudiel worked 13 hours and 58 minutes. Mr. Gudiel was only paid for the 13 whole hours that he worked, and not the additional 58 minutes.

25.	The practice of not paying Mr. Gudiel for fractions of hours denied him pay for approximately three hours per workweek.

26. As of May 15, 2016, Defendant has not paid Mr. Gudiel anything for approximately 279 hours.

27. As of May 15, 2016, Defendant owes Mr. Gudiel approximately $**7,070.57** in unpaid minimum and overtime wages.

**Factual Allegations Specific to Plaintiff Jose Noeberto Sorto**

28. Defendant employed Jose Noeberto Sorto from approximately September 2004 through February 12, 2016.

29. Mr. Sorto worked at Paper Moon as a kitchen hand. He performed duties such as cleaning, washing dishes, and cutting vegetables.

30. At all relevant times, Mr. Sorto was not required to clock in and out of work.

31. At all relevant times, Mr. Sorto typically worked a fixed schedule of five days a week.

32. At all relevant times, Mr. Sorto typically worked the following schedule:

| Monday | Off | Off | Off |
|---|---|---|---|
| Tuesday | 10:30 a.m. – 10:30 p.m. | No Break | 12.0 Hours Worked |
| Wednesday | 10:30 a.m. – 10:30 p.m. | No Break | 12.0 Hours Worked |
| Thursday | Off | Off | Off |
| Friday | 10:30 a.m. – 11:00 p.m. | No Break | 12.5 Hours Worked |
| Saturday | 10:30 a.m. – 11:00 p.m. | No Break | 12.5 Hours Worked |
| Sunday | 10:00 a.m. – 4:00 p.m. | No Break | 6.0 Hours Worked |
| | | | **Total: 55 Hours** |

33. At all relevant times, Mr. Sorto typically and customarily worked overtime hours.

34. At all relevant times, Mr. Sorto typically worked approximately 55 hours per workweek.

35. Over the last three years, Mr. Sorto worked approximately 2,145 hours of overtime.

36. At all relevant times, Mr. Sorto was paid a biweekly salary.

37. Since May 26, 2013, Mr. Sorto was typically paid the following amounts:

4

| Approximate Dates | Biweekly Salary |
|---|---|
| 05/01/2013 – 03/07/2015 | $1,150.00 |
| 03/08/2015 – 11/28/2015 | $1,153.85 |
| 11/29/2015 – 02/12/2016 | $1,250.00 |

38. On occasion, Defendant paid Mr. Sorto a lower salary. For example, for the pay period of February 2, 2014 through February 15, 2014, Defendant paid Mr. Sorto a salary of $850.00.

39. Defendant typically paid Mr. Sorto the following effective hourly rates:

| Approximate Dates | Effective Hourly Rate |
|---|---|
| 05/01/2013 – 03/07/2015 | $10.45 |
| 03/08/2015 – 11/28/2015 | $10.49 |
| 11/29/2015 – 02/12/2016 | $11.36 |

40. On the occasions when Defendant paid Mr. Sorto a lower salary, Defendant paid Mr. Sorto at an effective hourly rate below the applicable minimum wage. For example, for the pay period from February 2, 2014 through February 15, 2014, Defendant paid Mr. Sorto at an effective hourly rate of $7.73.

41. At all relevant times, Mr. Sorto was paid by check.

42. At all relevant times, Mr. Sorto was not provided with itemized statements showing the number of hours worked.

43. Defendant owes Mr. Sorto approximately $**11,812.76** in unpaid minimum and overtime wages for his work over the last three years.

## GENERAL FACTUAL ALLEGATIONS

44. Over the last three years, Meliani Mustapha has had an ownership interest in Defendant Melben.

45. Over the last three years, Meliani Mustapha has been an officer of Defendant Melben.

46.     Over the last three years, Mohamed Mekki Karrakchou has managed the operations of Paper Moon.

47.     Over the last three years, Mohamed Mekki Karrakchou tracked the number of hours Plaintiffs worked.

48.     Over the last three years, Mohamed Mekki Karrakchou typically tendered Plaintiffs their paychecks.

49.     At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiffs one and one-half times Plaintiffs' hourly rates for all hours worked over 40 in any one workweek.

50.     The District of Columbia minimum wage was $8.25 per hour prior to July 1, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

51.     At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

52.     At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

53.     At all relevant times, Defendant had the power to fire Plaintiffs.

54.     At all relevant times, Defendant had the power to control Plaintiffs' work schedule.

55.     At all relevant times, Defendant had the power to set Plaintiffs' rate of pay.

56.     At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, or of how much Plaintiffs were paid for Plaintiffs' work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiffs will only be known through discovery.

6

57. Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

58. Defendant intentionally did not provide Plaintiffs with statements that itemized the actual number of hours worked and the amounts paid per hour in order to conceal the actual number of hours Plaintiffs worked and Plaintiffs' hourly rate.

59. Defendant failed to provide Plaintiffs with notice of Plaintiffs' employer's name, address, telephone number, the employees' rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

60. Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

61. Defendant did not provide Plaintiffs with actual or constructive notice of Plaintiffs' employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

62. At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs the minimum wage required by District of Columbia and federal law.

63. At all relevant times, Defendant was aware that it was legally required to pay Plaintiffs one and one-half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

64. At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

## **COUNT I**
### **FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

65. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

66. Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

67. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

68. Defendant violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular rates for hours worked in excess of 40 hours in any one workweek.

69. Defendant's FLSA violations were willful.

70. For its FLSA violations, Defendant is liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

71. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

72. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

73. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

74. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

75. Defendant violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including minimum and overtime wages.

76. Defendant's DCWPCL violations were willful.

77. For its DCWPCL violations, Defendant is liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs,

reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendant, on all counts, and grant the following relief:

    a.       Award Plaintiffs **$75,533.32**, consisting of the following overlapping elements:

        i.      unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.     unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.       Award Plaintiff Gudiel additional unpaid liquidated damages equivalent to three times the value of the unpaid wages for every workweek after May 15, 2016, in which Defendant does not pay Plaintiff Gudiel minimum and overtime wages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308.

    c.       Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    d.       Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    e.       Award Plaintiffs court costs; and

    f.       Award any additional relief the Court deems just.

Date: May 27, 2016

Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*